OPINION
This appeal emanates from a final judgment of the Lake County Court of Common Pleas. Appellant, Leroy E. Strickland, seeks the reversal of the trial court's finding that he is a sexually oriented offender who must satisfy the registration requirements of R.C. Chapter 2950.
In November 1997, appellant entered a plea of "guilty" to one count of attempted rape, a second-degree felony under R.C. 2907.02 and 2923.02. After accepting this plea, the trial court held a separate hearing on the issue of sentencing. Based upon the evidence presented during that proceeding, the trial court rendered a judgment in which appellant was sentenced to a definite term of two years in a state penitentiary. As part of this judgment, the court also specifically found that appellant was a sexually oriented offender who, upon his release from the penitentiary, would be required to register with the appropriate law enforcement officials.
In now appealing his conviction, appellant has not raised any arguments concerning the propriety of his guilty plea or his sentence. Instead, appellant's sole assignment of error only challenges the constitutionality of the statutory scheme under which a person, who has been convicted of a sexually oriented offense, can be compelled to satisfy certain registration, verification, and notification provisions. Specifically, he asserts that R.C. Chapter 2950 is unconstitutional because: (1) the entire scheme is impermissibly vague; (2) the scheme constitutes a bill of attainder; (3) the imposition of the various statutory requirements violates the prohibition against double jeopardy; and (4) the imposition of the statutory requirements constitutes cruel and unusual punishment.
In regard to the first three arguments, this court would note that the Supreme Court of Ohio has recently rejected similar challenges to the constitutionality of R.C. Chapter 2950. In State v. Williams (2000),88 Ohio St.3d 513, the court expressly held that the statutory scheme in question did not violate the constitutional prohibitions against vagueness, bills of attainder, and double jeopardy.
As to appellant's fourth argument, our review of the Williams opinion shows that the Supreme Court did not specifically address the issue of whether the imposition of the registration, verification, and notification requirements under R.C. Chapter 2950 constituted cruel and unusual punishment. However, in State v. Cook (1998), 83 Ohio St.3d 404, the court did state that the foregoing requirements did not have a "punitive" effect upon a defendant, but were only remedial in nature. Given this characterization, it follows that the constitutional prohibition against cruel and unusual punishment is inapplicable to R.C. Chapter 2950. See State v. Wheeler (July 28, 2000), Lake App. No. 99-L-095, unreported, at 3, 2000 WL 1041444.
As an aside, we would further note that the constitutionality analysis in Williams focused upon the "sexual predator" category of sexual offenders. In the instant matter, appellant was not found to be a sexual predator, but was instead found to be a sexually oriented offender.
Nevertheless, this court still concludes that the Williams analysis is controlling as to the constitutionality of R.C. Chapter 2950 as applied to appellant. In relation to this point, we would first indicate that, although appellant was not adjudicated as a sexual predator, the majority of his arguments pertained only to the sexual predator aspect of the statutory scheme. Second, this court would emphasize that, as a sexually oriented offender, appellant will not be subjected to the same requirements as a sexual predator; thus, it logically follows that if the requirements imposed upon a sexual predator are constitutional, the lesser requirements imposed upon a sexually oriented offender are also valid. This was the basic conclusion we had reached in State v. Cremans
(Oct. 29, 1999), Lake App. No. 97-L-215, unreported, 1996 WL 1080802, with respect to the classification of a sexually oriented offender prior to the Supreme Court's holding in the Williams case.
Finally, although the issue was not expressly raised in appellant's brief, this court would indicate that we have recently concluded that when a trial court determines that an offender should be deemed a sexual predator, that court has an obligation to state which factors under R.C.2950.09(B)(2) it found to support the determination. While a trial court has no specific obligation to delineate the underlying reasons why it found certain factors were applicable, it is required to reference the relevant factors either in its judgment entry or on the record during the "sexual predator" hearing. See State v. Campbell (Dec. 22, 2000), Lake App. 99-L-012, unreported.
However, in the instant action, the parties stipulated that appellant was a sexually oriented offender, not a sexual predator. Under these circumstances, the trial court had no obligation to consider the statutory factors in R.C. 2950.09(B)(2), or to refer to them in setting forth its decision.
As R.C. Chapter 2950 is constitutionally sound, appellant's sole assignment is without merit. Accordingly, the judgment of the trial court is affirmed.
 __________________________________ DONALD R. FORD, PRESIDING JUDGE
CHRISTLEY, J., NADER, J., concur.